IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV195-MU-02

```
DENNIS VAN DYKE,              )
     Plaintiff,               )
                              )
     v.                       )        ORDER
                              )
BRYAN BURT, Physician's Assis-)
  tant at FMC Butner Hospital;)
ROBERT WALLASIN, Physician at )
  FMC Butner Hospital;        )
RANDY ETERNICK, Chief Physic/ )
  Medical at FMC Butner Hospi-)
  tal;                        )
ART BEELER, Warden at FMC     )
  Butner Hospital;            )
FMC BUTNER HOSPITAL; and      )
JOHN TAGLIA, Physic/Mental    )
  Health Contractor at FMC    )
  Butner Hospital,            )
     Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on initial review of plaintiff's form-Complaint under 42 U.S.C. §1983, filed June 21, 2006. For the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u> without prejudice.

According to the Complaint, the plaintiff is an inmate who currently is confined at FMC Butner in Butner, North Carolina. By his Complaint, the plaintiff sets for a number of bizarre allegations which purportedly support his claims that he has been the victim of "malpractice" and a "conspiracy" at his Prison. However, it is clear that this Court does <u>not</u> have the authority

to entertain the merits of the plaintiff's Complaint.

Indeed, venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in:  1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of  property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. §1391(b).

Here, the plaintiff's Complaint lists all of the defendants' addresses as FMC Butner, in Butner, North Carolina.  The Court has taken judicial notice of the fact that Butner, North Carolina is situated within the Middle District of North Carolina.  Likewise most, if not all, of the matters about which the plaintiff complains allegedly took place at Butner, that is, within the Middle District of North Carolina.

Consequently, because the face of the instant Complaint does not support a finding that the defendants reside in the Western District of North Carolina, but allegedly reside within the Middle District of North Carolina; and all of the events about which plaintiff complains occurred in that District, this Court will not entertain the merits of the plaintiff's claims.

2

Moreover, while the undersigned is well aware of the long-standing policy by which the federal Courts within the State of North Carolina have agreed to transfer among themselves cases which were improperly filed in one or the other judicial district, the undersigned concludes that adherence to that policy in this case would result in the unnecessary waste of scarce judicial resources.  That is, in light of the plaintiff's indisputably meritless legal theories, this Court concludes that it is more appropriate to dismiss the plaintiff's Complaint--albeit without prejudice--in an effort to prevent another Court from having to address such fantastic, delusional claims.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That the plaintiff's Complaint is **DISMISSED without prejudice** to his right to bring a proper action against the above-named defendants in the United States District Court for the Middle District of North Carolina.

**SO ORDERED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge